UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. Bank National Association, as Trustee
For Banc of America Funding 2008-FT1
Trust, Mortgage Pass-Through Certificates,
Series 2008-FT1

     Plaintiff

v.              Docket No. 1:22-cv-00399-NT

Julie A. Beedle and Duane C. Beedle

     Defendants

and

Citibank (South Dakota) N.A.
FIA Card Services N.A.

     Parties-in-Interest

**DEFENDANT DUANE C. BEEDLE AND JULIE A. BEEDLE PRE-TRIAL MEMO PURSUANT TO LOCAL RULE 16.4**

**DEFENDANT'S PRETRIAL MEMORANDUM**

  NOW COMES Defendant, by and through her undersigned attorneys and pursuant to Local Rule 16.4 (b), hereby files her pretrial memorandum.

  1.  STATEMENT OF DEFENSE

    The Plaintiff has the burden of proof on all facts that will be in issue in this matter. Defendant asserts that Plaintiff has failed to comply with the provisions of 14 M.R.S. §6111 or ¶ 22 of the Mortgage and thus cannot prevail in its foreclosure action against the Defendant. Defendant further asserts that Plaintiff has claimed

sums due in excess of what is due under the mortgage and that Plaintiff will not be able to establish the amount due under the mortgage as required by Maine law. *Chase Home Finance v. Higgins*, 2009 ME 136 ¶ 11; *Bank of America v. Greenleaf*, 2014 ME 89 ¶ 18.

As for Plaintiff's additional claims, if the Court reaches those on the merits, again, Plaintiff has a standing problem as it relates to the right to assert any breach to which it would be entitled to recover. Plaintiff would additionally be barred by its own breaches of contract and violations of Maine Law which have damaged the Defendants, who themselves have been subject to several years of living under the cloud of this litigation and incurring several thousands of dollars of attorneys fees, costs, and damage to credit.

Additionally, parties in interest Citibank (South Dakota), N.A. and FIA Card Services, NA have failed to appear or otherwise assert claims against the property. 14 MRS §4651(5) provides that "A[execution lien] becomes void and loses its status as a perfected security interest with respect to the right, title and interest of any particular judgment debtor and with respect to any other creditors of the judgment debtor unless the judgment creditor notifies the judgment debtor by certified or registered mail sent to the judgment debtor's last known address on or before the 20th day after filing or recording of the existence of the lien." As the parties in interest have not appeared to show proof of such notice, a default and judgment releasing the subject property from the liens should enter.

2.  CONTROVERTED POINTS OF LAW

The Plaintiff will not be able to establish standing by virtue of its assignments from the original lender. At the time this case was filed, no record existed in Kennebec County validating the requisite authority of the preceding assignor to assign the note and mortgage to the Plaintiff.

As for Plaintiff's assertion that the possession of the note by counsel's office is sufficient to demonstrate the right to foreclose, it does not in and of itself prove that the Plaintiff is in fact the owner of record of the mortgage entitled to foreclose under Maine law.

> " 'Because foreclosure regards two documents—a promissory note and a mortgage securing that note—standing to foreclose involves the plaintiff's interest in both the note and the mortgage.' (citing, Bank of Am., N.A. v. Greenleaf, 2014 ME 89¶ 9, 96 A.3d 700.) '[T]he mortgage portion of the standing analysis requires the plaintiff to establish ownership of the mortgage.' Id. ¶ 12 (see 14 M.R.S. § 6321 (2020). The plain language of section 6321 requires 'that the mortgagee 'produce evidence' of various documents and transactions,' including those establishing ownership of the mortgage. Bank of Am., N.A. v. Cloutier, 2013 ME 17, ¶ 13, 61 A.3d (quoting 14 M.R.S. § 6321). Because an assignee's interest in a mortgage cannot exceed the interest possessed by the assignor, (see Greenleaf, 2014 ME 89, ¶ 16, 96 A.3d 700), U.S. Bank needed to establish the validity of the 2012 and 2017 assignments in order to prove that it owned the mortgage." United States Bank, N.A. v. Beedle, 2020 ME 84, ¶11, 236 A.3d 433, 436.

Notwithstanding the issues of standing, Plaintiff's notice and right to cure do not comply with 14 M.R.S. §6111. Plaintiff's mortgage and note only confer the right of the lender to hold insurance polices subject to the mortgage (See, e.g., Doc 1-2, Page 2 and Doc 1-3 ¶4). The lender itself has never acquired forced-place insurance on the subject property as the agreements authorize- this has only been done by the purported servicer(s), who have both purchased the insurance and named themselves as the co-

insured. As these charges have been erroneously applied to the mortgagors' demand to cure, the entire notice as required by 14 M.R.S. §6111 is faulty, and thus the Plaintiff cannot prevail (even if they had standing in the first place).

3. PROPOSED STIPULATIONS

Plaintiff reserves the right to object to the admission of any exhibits offered by Defendant.

4. WITNESSES

Defendant foresees limited admission of evidence except for rebuttal or impeachment purposes. To the extent witnesses are necessary, Julie and Duane Beedle may be called.

5. DOCUMENTS

Defendant reserves the right to offer any documents necessary for rebuttal or impeachment purposes. Plaintiff may offer for exhibits notices from any servicer concerning forced-place insurance or escrow notices.

March 28, 2024

/s/Paul J. Brunetti
Paul J. Brunetti, Esq.
Bar No.: 4900
Attorney for Plaintiff
Clifford & Golden, PA
P.O. Box 346
Lisbon Falls, Maine 04252
207-353-9366
pbrunetti@cliffordandgolden.com

/s/John D. Clifford, IV
John D. Clifford, IV, Esq.
Bar No.: 146
Attorney for Plaintiff
Clifford & Golden, PA
P.O. Box 346
Lisbon Falls, Maine 04252
207-353-9366

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2024 I served a copy of the foregoing Pretrial Memorandum by ECF Notification and/or US Mail to Reneau J. Longoria, Esq. Doonan, Graves & Longoria, LLC 100 Cummings Center, Suite 225D Beverly, MA. 01951; Citibank (South Dakota), N.A. 701 East 60th St. North Sioux Falls, SD 57104; and, FIA Card Services, 1100 North King St. Wilmington, DE 19801

/s/Paul J. Brunetti

Paul J. Brunetti, Esq.